IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| GREAT WESTERN INSURANCE COMPANY, INC. a Utah company,<br><br>Plaintiff,<br>v.<br><br>MICHELE G. MIRANDA, JEFFREY W. SHIELDS, and DOE DEFENDANTS 1 THROUGH 10,<br>Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS and DENYING DEFENDANTS' ALTERNATIVE RELIEF**<br><br>Case No. 1:14-CV-61-DN<br><br>District Judge David Nuffer |

Defendants Michele G. Miranda (Miranda) and Jeffrey W. Shields (Shields) moved to dismiss this action under Rules 12(b)(2) and 12(b)(3) of the Federal Rules for Civil Procedure or alternatively, to transfer the case to the Central District of California or stay the action pending final resolution of a related case in California state court.[1] The court held a hearing on the motion on June 30, 2014. After considering the relevant case law, the arguments addressed by the parties at the hearing, and the memoranda submitted, the court GRANTS the motion to dismiss Shields for lack of personal jurisdiction, but DENIES the motion to dismiss Miranda.

After providing an oral ruling at the hearing, the court gave Great Western Insurance Company, Inc. (GWIC) the choice to proceed in this court without Shields or to transfer the case to the Central District of California to cure want of jurisdiction under 28 U.S.C. § 1631. GWIC has filed a notice voluntarily dismissing Shields from this case.[2] Accordingly, Shields is dismissed without prejudice and the requested alternative relief to transfer venue or stay this case is DENIED.

---

[1] Motion by Defendants to Dismiss Under Fed. R. Civ. Pro. Rules 12(b)(2) and 12(b)(3), or, Alternatively, to Transfer Venue, or to Stay Action (Motion to Dismiss), docket no. 20, filed June 16, 2014.

[2] Notice of Rule 41(a) Dismissal of Jeffrey W. Shields Without Prejudice, docket no. 30, filed July 1, 2014.

**Background**

Great Western Insurance Company, Inc. (GWIC) is incorporated in Utah and its principal place of business is in Ogden, Utah. GWIC's primary business is the sale of insurance policies to fund pre-need funeral services. Miranda is California resident and a general agent for Michele Miranda Insurance Services, Inc. (MMIS), an independent agency selling GWIC insurance along with other insurers' products. She has asserted cross-claims against GWIC in a California state court case *Leskera v. Miranda*.[3] Shields is a California resident and an attorney representing Miranda in the California litigation.

GWIC filed a complaint[4] alleging Miranda violated the Federal Computer Fraud and Abuse Act[5] and the Utah Unfair Competition Act.[6] The complaint further alleges that Miranda and Shields committed civil conspiracy and they both violated the Utah Uniform Trade Secrets Act.[7]

GWIC claims that Miranda intentionally manipulated URLs on GWIC's website "tricking the system into navigating to secure pages which Miranda did not have authorization to access"[8] where she was able "to obtain access to highly sensitive commercial information that she knew she was not authorized to see or use."[9] Miranda and her attorney, Shields, are using screen shots of this confidential information regarding the other agencies in depositions for the

---

[3] Civil Case No. NC057181, Superior Court of the State of California, County of Los Angeles - South District, Long Beach.

[4] Complaint, docket no. 2, filed May 16, 2014.

[5] 18 U.S.C. § 1030.

[6] Utah Code Ann. §§ 13-5a-101 to -103.

[7] Utah Code Ann. §§ 13-24-1 to -9.

[8] Plaintiff's Memorandum in Opposition to Defendants' Motion to Dismiss Under Fed. R. Civ. Pro. Rules 12(b)(2) and 12(b)(3), or, Alternatively, to Transfer Venue, or to Stay Action (Opposition) at 5, docket no. 25, filed June 23, 2014.

[9] *Id.* at 3.

California state court litigation.[10] At those depositions, GWIC's attorney objected to the documents when produced knowing that they were obtained improperly and without authorization.[11] Yet, Miranda and Shields continue to use the documents.[12] Shields sent GWIC discovery requests with 40-plus pages of the screen shots attached and asked GWIC to confirm their authenticity.[13] Miranda has also used information on another agency's commissions to try to recruit that agency with the lure of higher commissions.[14] The agency Miranda attempted to recruit called GWIC complaining that Miranda had detailed information on the agency and asked if GWIC had disclosed the information.[15]

GWIC asserts that if this confidential information continues to be used they will be irreparably harmed financially and through damage to business good will.[16] GWIC claims they have expended time and money to fix any issues that permitted Miranda unauthorized access to other areas of their computer system.[17]

GWIC has filed a motion for preliminary injunction to restrain and enjoin Miranda, Shields, and their agents from using the documents and information that "Miranda acquired from the GWIC computer system that identifies or relates in any respect to any agency other than

---

[10] *Id.* at 6-7
[11] *Id.* at 7.
[12] *Id.*
[13] *Id.*
[14] *Id.* at 9.
[15] *Id*. at 10.
[16] *Id.* at 8.
[17] *Id.* at 9.

Michele Miranda Insurance Services, Inc. ("MMIS"), or identifies or relates to any agents other than MMIS agents."[18]

In response to GWIC's complaint and motion for preliminary injunction, Miranda and Shields filed a motion to dismiss claiming this court does not have personal jurisdiction over either defendant under Rule 12(b)(2); this court is not the proper venue under 12(b)(3); or that this action should be stayed pending the resolution of the pending California action.[19]

## Personal Jurisdiction

GWIC claims jurisdiction over Miranda and Shields was definitively established when they were personally served while in the state of Utah on June 13, 2013 to take depositions in the California state court litigation.[20] GWIC relies on *Burnham v. Superior Court of California*[21] for the proposition that jurisdiction is established by personal service on a nonresident while physically in the state.[22] Miranda and Shields claim that they are immune of service of process while in the state attending judicial proceedings in another matter.[23] Indeed, *Burnham* does note that parties or witnesses brought into the forum state for unrelated judicial proceedings are exempted from service of process.[24] Here, Miranda and Shields were in the state to conduct the depositions as required in the California litigation. Consequently, the personal service made on Miranda and Shields at the Utah deposition does not confer jurisdiction over them in this matter.

---

[18] Plaintiff's Motion for Preliminary Injunction; Memorandum in Support; Declarations of John A. Lindquist, II, David D. Lloyd, Wesley Felix, and Lynn Leskera (Preliminary Injunction Motion) at 2, docket no. 5, filed May 23, 2014.

[19] Motion to Dismiss at iv.

[20] Opposition at 11.

[21] 495 U.S. 604 (U.S. 1990) (plurality opinion).

[22] *Id.* at 610-11.

[23] Defendants' Reply in Support of Their Motion to Dismiss Under Fed. R. Civ. Pro. Rules 12(b)(2) and 12(b)(3), or, Alternatively, to Transfer Venue, or to Stay Action (Reply) at 1-2, docket no. 27, filed June 27, 2014.

[24] *Burnham*, 495 U.S. at 613.

**General Jurisdiction**

Miranda and Shields assert that this court does not have general jurisdiction over either of them as California residents because they do not have "continuous and systematic general business contacts"[25] within Utah, the forum state. GWIC does not dispute that general jurisdiction does exist as to Shields. But GWIC does assert that the court may "exercise general jurisdiction over Miranda"[26] because during the time she has been a GWIC agent she has "had continuous and systematic general business contacts with Utah."[27] GWIC cites to the numerous emails Miranda has sent to GWIC personnel in Utah and the GWIC commission checks she received that were drawn on Utah bank accounts. However, these limited business contacts with only GWIC does not sufficiently "demonstrate the defendant's continuous and systematic general business contacts"[28] to establish general jurisdiction over Miranda.

**Specific Jurisdiction**

"[S]pecific personal jurisdiction over a nonresident defendant is determined by two factors: the breadth of the forum state's jurisdictional statute and the due process limitations on jurisdiction imposed by the Fourteenth Amendment to the United States Constitution."[29] If the non-resident "defendant has 'purposefully directed' his activities at the residents of the forum and the litigation results from alleged injuries that 'arise out of or relate to' those activities,"[30] the court may find specific jurisdiction exists as to that defendant.

---

[25] *OMI Holdings, Inc. v. Royal Ins. Co. of Canada*, 149 F.3d 1086, 1091 (10th Cir. 1998).

[26] Opposition at 15.

[27] *Id.* (quotation and citation omitted).

[28] *OMI Holdings,* 149 F.3d at 1091 (internal quotation and citation omitted).

[29] *Arguello v. Indus. Woodworking Mach. Co.,* 838 P.2d 1120, 1122 (Utah 1992).

[30] *Id.* (citing *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 471-472 (1985)).

GWIC has failed to allege that Shields individually committed any act that was purposefully directed at Utah resulting in a claimed injury. Although GWIC claims "on information and belief"[31] that Shields conspired with Miranda to gain unauthorized access to GWIC's website and information, this allegation is insufficient to establish specific personal jurisdiction over Shields. Because "[e]ach defendant's contacts with the forum State must be assessed individually,"[32] the court declines to apply "the conspiracy theory of jurisdiction in this case."[33] The court does not have specific personal jurisdiction over Shields.

The claim against Miranda under the Computer Fraud Abuse Act[34] is enough to establish specific jurisdiction over her based on the "effects" in Utah caused by her actions directed from California.[35] The complaint alleges that Miranda specifically directed her unauthorized access to GWIC's computer information located and stored in Utah. Miranda's unauthorized access also caused injury within the state as GWIC has had to expend time and money to repair the system to prevent any further unauthorized access to its confidential information. Thus, Miranda intentionally directed her activities to gain unauthorized access to GWIC's information housed in Utah, knowing GWIC is a Utah company. The effect of her action created harm to GWIC's computer system that was clearly felt in Utah and gives rise to this litigation. This court can exercise specific personal jurisdiction over Miranda.

---

[31] Complaint at 11.

[32] *Calder v. Jones*, 465 U.S. 783, 790 (1984).

[33] *Pohl, Inc. v. Webelhuth*, 2008 UT 89, ¶ 29, 201 P.3d 944, 954.

[34] 18 U.S.C. § 1030.

[35] *Calder*, 465 U.S. at 789; *Pohl*, 201 P.3d at 954 (describing the "effects" test to establish jurisdiction).

### Transfer or Stay the Case

The court finds no compelling reason to grant the alternative relief requested. Having found that the court lacks jurisdiction over Shields, GWIC has elected to dismiss Shields without prejudice. Based on that dismissal, there is no need to transfer the case under either 28 U.S.C. § 1391 for convenience, or under 28 U.S.C. § 1631 to cure want of jurisdiction. Further, there is no reason to stay this case pending resolution of the California state court case.

### ORDER

IT IS HEREBY ORDERED that the Motion to Dismiss[36] is GRANTED IN PART AND DENIED IN PART as set forth above.

IT IS FURTHER ORDERED that Jeffrey Shields is DISMISSED WITHOUT PREJUDICE.

Signed July 1, 2014.

BY THE COURT

_____
District Judge David Nuffer

---

[36] Docket no. 20.